

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

RICE DANIEL
TORNEY GENERAL

May 24, 1947

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-215

Re: The proper method to
be followed to collect
delinquent taxes from
an Oklahoma truck line
doing business in Texas,
under the intangible
tax law of this State.

Dear Sir:

You request opinion of this Department by
letter of May 12, 1947, as to procedure to be followed
in enforcing payment of delinquent intangible taxes
against a truck line. (Arts. 7105-7116 V.C.S.) ——

This question may be answered by the simple
statement that if it becomes necessary to file suit for
the collection of this tax, such a suit should be filed
and prosecuted by the County Attorney, or such other at-
torney as might be legally designated by the Commission-
ers' Court of the County, as in the case of any other
delinquent ad valorem taxes upon tangible property.

A brief reference to the statutes governing
the assessing and collection of intangible taxes, makes
this quite apparent.

Article 7105, V.C.S., provides in part as
follows:

"The intangible taxable values of
said motor bus companies and said common
carriers shall be apportioned to the coun-
ty in or through which they operate in
proportion to the distance in miles of the
highways traversed by said carriers in each
respective county."

Article 7113, V. C. S., provides:

"Thereafter, and not later than the 20th day of June of each year, said board shall make . . . a final valuation and apportionment of the intangible assets. . . and shall, as soon after such 20th day of June as practicable, certify to the tax assessor of each county the amount found to be apportionable. . . The Tax assessor of such county, upon receiving such certificate . . . shall place, set down and list . . . upon the tax rolls of the county . . . any and all such intangible assets, at the value so . . . certified by said board. Such county tax assessor shall extend and prorate upon said rolls the State and County taxes upon all such intangible assets in the same manner as taxes upon other property are extended and prorated. . . and the State and County taxes thereon shall be collected by the tax collector of each county and accounted for by him in the same manner and under the same penalties as taxes upon other properties." (Emphasis supplied)

The foregoing statutory provisions clearly commit the collection of intangible taxes to the tax collectors of the respective counties as apportioned by the Intangible Tax Board. If it should become necessary to file suit for delinquent intangible taxes it would be in the same manner as applicable to other delinquent taxes on tangible property.

In order to insure an orderly and effective method of collecting this tax, it became necessary to fix a situs of taxation. The apportionment method obviously was the most feasible, and this was the method adopted.

The case of State vs. Texas Pacific Railway Company et al, 62 S. W. (2d) 81, very clearly demonstrates the feasibility of fixing the taxable situs upon the apportionment basis as provided in the Act, and from this case we quote:

"It is the settled law that, as a whole, the intangible assets of a railroad

company have no situs in any of the counties through which the railroad runs. Missouri, K. & T. Ry. v. Shannon, 100 Tex. 379, 100 S. W. 138; 10 L. R. A. (N.S.) 681; Lively v. Ry., 102 Tex. 345, 120 S.W. 852. But this does not mean that the Legislature has no authority to provide for the partition of the intangible assets of a railroad company, for taxation purposes, and to fix the situs of the respective portions in the respective counties sharing in the partition. On the contrary, the Legislature has authority to do this, and has, in effect, done that very thing. In what is sometimes known as the intangible tax law, being chapter 4, tit. 122, of the Revised Statutes (articles 7098-7116), the Legislature has provided a state tax board, and made various provisions for the ascertainment by the board of the true value of the intangible assets of a railroad company, for the purpose of taxation, and for the apportionment of such value, for taxation purposes, to the various counties in which lines of the railroad lie. The standard by which such apportionment is to be made by the board is prescribed in the act. The conclusion reasonably follows that, by these apportionment provisions of the statutes, the Legislature intended that such apportionment, when made as prescribed, would fix the situs of each portion in accordance with the allocation made by the board. . . ."

This case clearly demonstrates that the Legislature has the authority to fix the situs for the purpose of taxation in the respective counties sharing in the apportionment, in derogation of the common rule that the situs for the taxation of personal property is at the residence of the owner.

Having by legislative action fixed the situs of the taxability of the intangible assets of those subject to the act, it became necessary to commit to some appropriate authority the collection of the tax and the enforcement thereof, and this has been done by committing it to the county officials as taxes upon other property. The intangible values as certified by the Intangible Tax Board are entered by the tax assessor upon the assessment

rolls of the county and the amount of tax liability determined by the application of the appropriate rate.

It follows from the foregoing that suit for the collection of delinquent intangible taxes should be filed in the counties where the tax is levied and by the same official and in the same manner as provided by statute for collection of delinquent taxes on tangible property.  The County Attorney of Leon County should proceed to collect the delinquent intangible tax of this taxpayer as in the case of any other delinquent taxes as provided by Article 7345b, V. C. S.

## SUMMARY

County officials are authorized to collect delinquent intangible taxes in the same manner and under the same statutory provisions as delinquent taxes upon tangible property.  Arts. 7105-7116 and 7345b, V. C. S.; State of Texas vs. Texas Pacific Ry. Co. 62 S. W. (2d) 81.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  *L. P. Lollar*

L. P. Lollar  
Assistant

LPL/lh/wb

APPROVED MAY 24, 1947

*Price Daniel*

ATTORNEY GENERAL OF TEXAS